# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 18, 2012

## DAVID EASTON JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1550      J. Randall Wyatt, Jr., Judge**

**No. M2011-01450-CCA-R3-PC- Filed June 12, 2012**

ROGER A. PAGE, J., dissenting.

I respectfully dissent from the majority's conclusion that due process considerations could toll the statute of limitations in this case. While there are instances when due process could toll the statute of limitations, this is not one of them. Accordingly, I would affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief.

The petitioner pled guilty on January 30, 2003.[1] He did not file this petition for post-conviction relief until May 2, 2011, more than eight years later. The majority holds that "in light of [the petitioner's] assertion that he believed counsel was filing a direct appeal on his behalf and the relevant precedent, [they] are constrained to remand the case to the post-conviction court for an evidentiary hearing . . . ."

While post-conviction petitioners must be afforded "a reasonable opportunity" to present their claims, *Sands v. State*, 903 S.W.2d 297, 300 (Tenn. 1995), the State also "has a legitimate interest in preventing the litigation of stale or fraudulent claims." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Jimenez v. Weinberger*, 417 U.S. 628, 636 (1974)). "A [petitioner] 'who fails to assert an existing claim . . . in a timely fashion may not expect due process relief under *Burford*.'" *Cox v. State*, No. M1999-00447-CCA-R3-PC, 2001 WL 208503, at *3 (Tenn. Crim. App. Mar. 2, 2001) (quoting *Seals v. State*, 23 S.W.3d 272, 278 (Tenn. 2000)). "Our supreme court has emphasized, however, that '[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that

---

[1] As set forth in the majority opinion, petitioner had already exercised his post-conviction rights and prevailed. A post-conviction court set aside his earlier guilty plea, and petitioner pled guilty for a second time to the same charges.

circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations.'" *James Wesley Osborne v. State*, No. E2010-01548-CCA-R3-PC, 2012 WL 953102, at * 4 (Tenn. Crim. App. Mar. 20, 2012) (quoting *Smith v. State*, 357 S.W.3d 322, 358 (Tenn. 2011)). However, "a petitioner's interest in attacking a conviction is not a fundamental right that deserves heightened due process protection." *Seals*, 23 S.W.3d at 277.

The record does not show that circumstances beyond the petitioner's control prevented him from filing his petition for post-conviction relief within the statute of limitations. Likewise, the record does not indicate that trial counsel's advice regarding the direct appeal might have denied the petitioner the opportunity to file a petition for post-conviction relief in a timely manner "through no fault of his own but because of the possible misrepresentation of his counsel." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001).

In his petition for post-conviction relief, the petitioner claims that his counsel advised him that his case had been appealed. The petitioner apparently wanted to appeal a sentencing issue; however, the petitioner pled guilty to the underlying charges, and his plea agreement almost certainly included an agreed-upon sentence and a waiver of the right to appeal. Thus, the petitioner waived his right to a direct appeal of his sentence. *See* Tenn. R. App. P. 3 (allowing an appeal as of right on a plea of guilty or nolo contendere if the defendant seeks review of the sentence and *there was no plea agreement concerning the sentence*). This sparse record does not include a transcript of the guilty plea hearing for either his first or second guilty plea proceeding. It also fails to include the guilty plea form for the second plea agreement. The petitioner claims that he was not brought to court for the second plea proceeding. Circumstances such as this case demonstrate the reason for statutes of limitation. After more than eight years have elapsed, it is difficult to prove or disprove the petitioner's claims. Moreover, it is the petitioner's duty to prepare a record that conveys a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App P. 24(b).

In addition, even if the petitioner did not waive his appeal as of right, the petitioner did not file his petition for post-conviction relief within one year of counsel allegedly advising him that this court had affirmed his case on direct appeal. The petitioner asserts that trial counsel "abandoned" him immediately following re-sentencing. He also stated in his petition that "counsel also advised that he had appealed the case, but it was affirmed." While the petitioner claims to have "found out later" that counsel did not file an appeal, he has not offered a satisfactory explanation as to why he waited more than eight years after the alleged abandonment and alleged notification of affirmation on direct appeal to file a petition for post-conviction relief. Even under the petitioner's version of the facts, he should have filed his petition for post-conviction relief one year from when trial counsel allegedly informed

him that trial counsel filed an appeal and this court affirmed the conviction. Instead, the petitioner waited to file for post-conviction relief until he allegedly learned that counsel had not filed an appeal, which was more than seven years after the limitations period had expired.

I acknowledge that this court and our supreme court have appropriately reversed summary dismissals of post-conviction petitions on many occasions based on due process grounds. However, I have concluded that under the circumstances of this case, a petitioner who waits more than seven years after his claim is time-barred has not demonstrated that his failure to timely file his petition for post-conviction relief was due to circumstances beyond his control. I have determined that "the time period [of the applicable statute of limitations] provided [the petitioner] a reasonable opportunity to have the claimed issue heard and determined." *Seals*, 23 S.W.3d at 278.

The State has a legitimate interest in limiting due process rights for appropriate reasons. *See Burford v. State*, 845 S.W.2d at 208. The transportation of prisoners to a trial court is a time-consuming and expensive endeavor. Older claims become stale and difficult to defend. Witnesses disappear or pass away, and memories fade when eight years have elapsed since a guilty plea. Transcripts and other records become difficult to procure. Seven years after the expiration of the statute of limitations is just too long to wait to file a post-conviction petition under these circumstances.

"Due process is not offended by objectively applying a procedural bar to a fully competent prisoner who simply failed to assert his rights in a timely manner." *Williams*, 44 S.W.3d at 474 (Drowota, J., dissenting). Accordingly, I would hold that the petitioner has not alleged sufficient facts that suggest due process considerations require tolling of the post-conviction statute of limitations in this case and would affirm the summary dismissal by the post-conviction court.

_____
ROGER A. PAGE, JUDGE